

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS
April 24, 1963

**WAGGONER CARR**
ATTORNEY GENERAL



Overruled by H 904 where conflict

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-66

Re: Interpretation of Article
2372k, V.C.S., in the light
of the submitted facts.

Dear Mr. Wade:

In a recent request for the opinion of this office, you have in effect presented to us the following facts.

A real estate developer and subdivider is developing a tract of land in Dallas County that is outside of the city limits of any incorporated city or town in said county and is not within five miles of the city limits of any incorporated city or town. The developer and subdivider has never submitted any plat or map of said development and subdivision to the Commissioners Court of Dallas County for their action thereon, either as to approval or disapproval, or as to the promulgation of any standards for the construction of roads shown thereon. The County Commissioners Court has not promulgated any standards or specifications for the construction of roads and drains in subdivisions of the county as authorized under Article 2372k, V.C.S. The developer and subdivider has, however, presented his plat or map of said development and subdivision to the County Engineer of Dallas County and received certain oral instructions from him regarding the type construction for and drainage to the roads in the subdivision, but the developer has refused to carry out said oral instructions for building the roads in their entirety. Dallas County has a population considerably in excess of 290,000. The County Engineer of Dallas County has orally promulgated, since the passage of Article 2372k, V.C.S., his own rules, regulations and standards pertaining to construction of streets and roads and drainage in subdivisions in the county; however, his specifications and standards have been within the bounds or limits set for standards which might be promulgated by the Commissioners Court under Article 2372k.

You then in your opinion request ask the following three questions.

"(1)  Do we have the authority to seek a mandatory injunction compelling the developer to complete this road according to the specifications set forth by this county?

"(2)  In the event you answer Question No. 1 in the negative, then is our only recourse the right to refuse to accept this dedication?

"(3)  In the event the developer continues to sell lots without completing this road, may he then be enjoined from so doing until he completes this road according to our specifications?"

In 1947 in the case of Commissioners Court v. Jester, 199 S.W.2d 1004 (Tex.Civ.App.1947, error ref. n.r.e.), the Dallas Court of Civil Appeals had before it a situation where the Commissioners Court of Dallas County refused under authority of Article 6626, V.C.S., to approve a subdivision plat of land located in the county for filing of said plat with the County Clerk.  The County Clerk refused to file the subdivision plat without the Commissioners Court's approval.  The Commissioners Court had set up standards for county roads and for their drainage to which the subdivision plat did not conform.  It was the Commissioners Court's contention that it could require such conformance through Article 6626.  Article 2372k, V.C.S., was not then in existence, it being enacted in 1951.  The subdivider sought by mandamus to compel the Commissioners Court to approve the tendered plat for filing with the County Clerk.  The Court of Civil Appeals held that the Commissioners Court lacked authority to refuse to approve subdivision plats for filing with the County Clerk because the roads contained thereon did not meet county specifications as established by the Commissioners Court.

Obviously, as a result of this holding by the Dallas Court of Civil Appeals, the Legislature passed Article 2372k in 1951 so as to enable a commissioners court to set standards for roads in new subdivisions that must be adhered to by subdividers before their plats would be eligible for filing with the County Clerk and the roads contained thereon accepted as county roads.  It is apparent that Article 2372k and Article 6626 insofar as the subdivision of land such as involved in the instant situation is concerned must be considered in para materia.

Article 6626 reads in part:

"The following instruments of writing
. . . are authorized to be recorded, . . .
other instruments of writing concerning
any land . . . provided, however, that in
cases of subdivision or re-subdivision of
real property no map or plat of any such
subdivision or re-subdivision shall be
filed or recorded unless and until the
same has been authorized by the Commis-
sioners Court of the county in which the
real estate is situated by order duly
entered in the minutes of said Court,
. . ."

Article 2372k applies to all counties having a popula-
tion in excess of 190,000.

Section 1 (a) thereof provides that the Commissioners
Courts of such counties might require subdividers of land to
provide for a minimum 60 foot right of way for roads which are
to be included in their subdivision.

Section 1 (b) provides that the Commissioners Courts
of such counties might promulgate reasonable specifications
to be followed by the subdividers in construction of roads and
streets within their subdivision and for drainage of such roads
and streets.

Section 2 provides that the Commissioners Courts
might require of the subdivider a good and sufficient bond in
an amount up to $3.00 per lineal foot of road for the insurance
of proper construction and maintenance of roads in such sub-
divisions, said bond conditioned that such roads be constructed
in accordance with the specifications promulgated by the Commis-
sioners Court under Section 1 (b).

Section 3 provides that the Commissioners Courts of
such counties are granted authority to refuse to approve any
subdivision plat should the plat fail to provide for a minimum
60 foot right of way for roads in the subdivision and should
the subdivider fail to submit a good and sufficient bond to
insure the contruction of roads in said subdivision in accord-
ance with specifications promulgated by the Commissioners Court
under authority of Sections 1 (b) and 2.

When the above two articles are considered together, we see that Article 6626 in part authorizes the County Clerk of the county where the subdivided land is located to file a subdivision plat of a tract of land situated five miles or more outside of the corporate limits of a city or town only when the subdivision plat thereof has first been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of the court. We also see that Section 3 of Article 2372k authorizes the Commissioners Court to refuse such approval under certain situations.

This grant of the authority to the Commissioners Court contained in Article 2372k and Article 6626 cannot be considered as the bestowal of some idle and superfluous authority and duty upon the Commissioners Court of a county which subdividers and platters of tracts of land therein might ignore if they can successfully hide their subdivision and platting work from the eyes of the Commissioners Court of the county where the subdivided land lies.

It is encumbent upon such subdividers should they desire to have their plats filed for record in the County Clerk's office and/or to have the dedication of the streets and roads thereon accepted as "county roads" by the county to submit their plats to the Commissioners Court for its official consideration and action thereon.

Upon the submission of a subdivision plat to the Commissioners Court, the court may then by virute of the authority granted by Article 2372k, promulgate reasonable standards and specifications, which are consistent with the authority granted it by Article 2372k. Upon the failure or refusal of the subdivider to give his bond (if required) or to make his plat conform to such requirements, the Commissioners Court should refuse to authorize the filing of said plat for record.

In the instant case, no standards or specifications have been promulgated by the County Commissioners Court relating to the acceptance of the dedication of streets or roads contained in the subdivision of the tract in question. The subdivider has not even submitted his subdivision plat and plan for development to the Commissioners Court of Dallas County for their approval. No legal obligations have been exchanged between the County Commissioners Court and the subdivider in respect to his subdivision. Obviously, if no obligations exist between the county and the subdivider, an injunction would not lie with the county against the subdivider.

Therefore, the answer to your first question is no. The County Commissioners Court does not have authority to seek a mandatory injunction compelling the developer to complete his road according to the specifications set forth orally by the County Engineer.

We answer your second question yes. In the event that the Commissioners Court has promulgated reasonable standards under the authority of Article 2372k, and the developer fails or refuses to give his bond (if required) or to make his plat conform to such requirements, the Commissioners Court's only recourse is to refuse the developer's subdivision.

We answer your third question no. The County Commissioners Court cannot enjoin the developer from selling lots within his subdivision on the ground that he has failed to complete the roads therein according to the oral specifications of the County Engineer.

Any statements in prior Attorney General's Opinions R-2952 and V-1401 that are inconsistent with this opinion are overruled.

## SUMMARY

The County Commissioners Court lacks authority under Article 2372k, V.C.S. to compel a subdivider and developer, under the stated facts, to complete roads in his subdivision according to the orally promulgated specifications of the County Engineer.

The County Commissioners Court cannot arbitrarily and capriciously refuse to accept a subdivider's plat for filing with the County Clerk.